UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NATHAN ROBERT KROTZER,   CIVIL NO. 15-2750 (DSD/JSM)

    Petitioner,

v.   <u>REPORT AND RECOMMENDATION</u>

SEAN CHAPMAN,[1]

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on the petition for a writ of habeas corpus of petitioner Nathan Robert Krotzer and respondent's Motion to Dismiss [Docket No. 5]. *See* 28 U.S.C. § 2254.[2] The petition and motion have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Based on that review, this Court recommends dismissal of Krotzer's habeas petition without prejudice for failure to exhaust state remedies.

Krotzer pleaded guilty in 2012 to one count of drug possession and one count of refusing to submit to a chemical test of the blood, breath, or urine upon suspicion of

---

[1] Krotzer lists the respondent in this matter only as "Chapman" in his habeas petition. Respondent has supplied his full name in the motion to dismiss. *See* Docket No. 5. The Clerk of Court is directed to amend the docket in this matter to reflect respondent's full name.

[2] Krotzer's habeas petition states that the petition is brought pursuant to 28 U.S.C. § 2241. *See* Petition at 1 [Docket No. 1-1]. Because Krotzer "is in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and because Krotzer is contesting the legality of that judgment, his habeas petition is subject to the restrictions set forth in § 2254.

1

intoxication while driving a motor vehicle. *See* Minn. Stat. § 152.025, subd. 2; Minn. Stat. § 169A.20, subd. 2; App'x at 22 [Docket No. 7]. As a result, Krotzer was sentenced to a 19-month term of imprisonment (though that term was stayed), a 90-day term of detention at the Hennepin County Workhouse, and three years of supervised probation. *See* App'x at 22-23.

The details of what happened next are not entirely clear from Krotzer's petition, respondent's motion to dismiss, or the materials submitted by respondent in support of its motion to dismiss. It appears, however, that Krotzer violated his probation in January 2014, Krotzer admitted to the violation, and Krotzer agreed to give up his right to a revocation hearing at that time. *See* Petition at 6-7; App'x at 20-21.

In 2015, Krotzer was again alleged to have violated the terms of his probation. *See* App'x at 11-14. This time, however, Krotzer did not admit to the violation and demanded a hearing to test the veracity of the charges. *See* Petition at 6-7. Nevertheless, according to Krotzer, the State of Minnesota refused to hold a hearing at which time it would be determined whether he had in fact violated the terms of his probation, apparently because he had waived his right to such a hearing in 2014. *Id.* On May 8, 2015, Krotzer was ordered to serve 280 days at the Hennepin County Workhouse as a result of the most recent probation violation. *Id.* at 2, 6-7. He is currently serving that sentence.

Krotzer did not file a direct appeal in the state courts after the imposition of sentence, as he "was told by appellate it will take to [sic] long — about 12 mos." Petition at 2. Instead, Krotzer filed a habeas petition in federal court alleging that the failure of the Minnesota courts to conduct a hearing on the allegation of probation violations infringed his Constitutional rights. *Id.* at 6-8. Krotzer also alleges that the

sentence imposed — "280 days for a few technical violations" — violated both the Eighth Amendment and the Minnesota Sentencing Guidelines. *Id.* at 8-9; *see also* Letter at 1 [Docket No. 10] ("The court should not reflexively order imprisonment for NON-CRIMINAL violations of probationary conditions.").

Respondent now moves to dismiss Krotzer's habeas petition on the basis that he has failed to first exhaust state remedies for his claims.

Under 28 U.S.C. § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
>
> > (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Ordinarily, to satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See* 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any

3

constitutional issues by invoking one complete round of the State's established appellate review process.").

There is no question in this case that Krotzer has not fairly presented any of his claims to the Minnesota Supreme Court. Indeed, Krotzer admits that he has never presented any of his claims to any Minnesota appellate court, as he believes it would take too long to seek appellate relief. *See* Petition at 2. In the usual case, this failure to seek relief on direct appellate review in the state courts would suffice to establish that the petitioner cannot seek federal habeas relief.

Nevertheless, Krotzer argues that he should be excused from the usual exhaustion requirement, as "circumstances exist that render" the appellate process "ineffective to protect" his rights. 28 U.S.C. § 2254(b)(1)(B)(ii). Specifically, Krotzer alleges that any appeal of the judgment in this matter will take about a year, by which time his sentence will have ended. *See* Petition at 2. Krotzer also alleges that he has "exhausted all options" with the trial court respecting the validity of his sentence, but that each of his motions has been denied. *See* Letter at 1.

In other words, even if Krotzer is correct that his detention was imposed illegally, he alleges that the Minnesota courts will be unable to timely grant him the relief he seeks.

"Federal courts may deviate from the exhaustion requirement only where highly exceptional circumstances warrant prompt federal intervention." *Jones v. Solem*, 739 F.2d 329, 331 (8th Cir. 1984). It is not enough to show that the state courts may not act quickly enough to decide the issues presented in the habeas petition before a term of imprisonment concludes. "Petitioners generally must also show the existence of some additional factor (for example, that state delay is a result of discrimination against

4

the petitioner, or that the State has been unnecessarily and intentionally dilatory).  *Id.* (quotations and citations omitted).  Krotzer did not file a direct appeal or petition for post-conviction relief in state court, and so the State of Minnesota could not have acted in a discriminatory or dilatory manner towards that request for review.  Nor has the State of Minnesota impeded Krotzer's ability to *file* a notice of appeal or petition for post-conviction relief.  The kinds of "additional factor[s]" identified by *Jones* are not present in this case.

This Court notes one caveat, however.  *Jones* observed that, in the usual case, a petitioner's "challenge to the validity of her conviction will not be rendered moot by her release on parole. Her parole could later be revoked, and the conviction might have collateral consequences in the future."  *Id.*  Thus, in *Jones*, one reason that the potential for delay in the state courts did not excuse the usual exhaustion requirement is that the state courts could still grant relief from the collateral consequences of conviction, even if the courts could not go back in time and prevent the allegedly unlawful incarceration from occurring.  Moreover, "[a] person on parole is still 'in custody' for purposes of federal habeas jurisdiction," and so a petitioner challenging her conviction generally may still seek federal relief from that conviction even after her term of imprisonment has ended, provided that a term of parole or probation follows the term of imprisonment.  *Id.* (quoting 28 U.S.C. § 2254(a)).

But Krotzer is not challenging his *conviction*.  He is challenging the revocation of his probation.  As the Supreme Court has noted in a different context, the revocation of probation or parole does not usually carry the same ongoing collateral consequences as a criminal conviction.  *See Lane v. Williams*, 455 U.S. 624, 632-33 (1982).  The only consequence of a probation violation, generally speaking, is the term of incarceration

imposed; any other collateral consequences stem from the underlying conviction that led to the term of probation, not from the violation of probation itself. Accordingly, in a case not cited by Krotzer or respondent, the Eighth Circuit found "special circumstances sufficient to excuse complete exhaustion of state remedies" where (1) the petitioner was challenging not the validity of a conviction, but "the actual time of [the petitioner's] sentence, which is rapidly elapsing and potentially mooting his claim," and (2) where state officials had "disregarded, if not deliberately, at least negligently, the rights" of the petitioner by failing to take action on the petitioner's requests for relief. *Chitwood v. Dowd*, 889 F.2d 781, 785 (8th Cir. 1989).

Krotzer meets the first of those conditions; he seeks to challenge only the revocation of his probation and the "actual time of his sentence, which is rapidly elapsing and potentially mooting his claim." *Id.* That said, *Chitwood* did not find that this condition, by itself, was sufficient to excuse the exhaustion requirement. Instead, *Chitwood* went on to note that state officials had "disregarded, if not deliberately, at least negligently, the rights of a prisoner who sought the proper execution of his sentence." *Id.* There is no evidence or, for that matter, any *allegation* that Minnesota officials have disregarded Krotzer's right to seek review of his sentence. Again, Krotzer has not even *sought* appellate or state post-conviction review.[3]

---

[3] Respondent also moves to dismiss on the basis that timely state remedies are, in fact, available to Krotzer. It is not obvious that this is true from the materials before this Court. For example, respondent contends that "state appeals in probation revocation cases are typically expedited." *See* Resp. Mem. at 2 n.1 [Docket No. 6]. But the provision cited by respondent for this principle states no such thing. *See* Minn. R. Crim. P. 28.05, subd. 1(3) ("Within ten days of service on respondent of appellant's brief, a respondent choosing to respond must serve an informal letter brief on appellant and file with the clerk of the appellate courts the number of copies prescribed by standing order of the appellate court."). It is likely that this is simply an incorrect citation, but nevertheless, this Court has examined the Minnesota Rules of Criminal Procedure

This Court notes a further factor that weighs in favor of applying the exhaustion requirement in cases similar to Krotzer's. Many probation violations result in short terms of imprisonment. It would be peculiar if state prisoners guilty of minor probation violations could, in *all* instances, bypass the usual state-court remedies and pursue federal habeas relief on account of the brevity of their sentences. The federal courts inevitably would become the avenue of first resort for state prisoners seeking appellate review of probation revocations. This would be a marked departure from the traditional understanding of the role of federal courts in reviewing state criminal judgments.

Therefore, this Court recommends that respondent's motion to dismiss be granted and that Krotzer's petition for a writ of habeas corpus be denied without prejudice for failure to exhaust state remedies.

Additionally, this Court recommends that a certificate of appealability be issued on the following question: May a habeas petitioner who has failed to present his claims to the state appellate courts challenge the validity of a probation revocation under § 2254, where the petitioner's term of imprisonment is likely to expire before the state courts could have decided the petitioner's claims if fairly presented? *See* 28 U.S.C. § 2253(c).

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

---

and has found no provision allowing for expedited review in probation revocation cases, although there is a provision for release of the defendant pending appeal. *See* Minn. R. Crim. P. 28.02, subd. 7. It is also not obvious that Krotzer could receive timely relief through a motion for post-conviction review in the state courts, as such a petition cannot "be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1.

1. Respondent's motion to dismiss [Docket No. 5] be GRANTED.

2. This matter be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

3. Petitioner Nathan Robert Krotzer be issued a certificate of appealability on the following question: May a habeas petitioner who has failed to present his claims to the state appellate courts challenge the validity of a probation revocation under § 2254, where the petitioner's term of imprisonment is likely to expire before the state courts could have decided the petitioner's claims if fairly presented?

Dated: August 10, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.