UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-2750(DSD/JSM)

Nathan Robert Krotzer,

       Petitioner,

v.                                            **ORDER**

Sean Chapman, Superintendent,

       Respondent.

       Nathan Robert Krotzer, Hennepin County Workhouse, 1145 Shenendoah Lane, Plymouth, MN 55447, pro se.

       Jean E. Burdorf, Esq., 300 South 6th Street, Suite A-2000, Minneapolis, MN 55487, attorney for respondent.

This matter is before the court upon the narrow objection by respondent Sean Chapman to the August 10, 2015, report and recommendation of Magistrate Judge Janie S. Mayeron (R&R). Based on a de novo review of the file, record, and proceedings herein, and for the following reasons, the court sustains the objection.

The court reviews the R&R of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). After a thorough review of the file and record, the court finds that the R&R is well-reasoned and correct. Based on the additional information provided by respondent in his objection, however, the court declines to adopt the R&R only to the extent it recommends the court grant a certificate of appealability.

The background of this case is fully set forth in the R&R, and the court will not repeat it here. The R&R recommends that Nathan Krotzer's petition, filed under 28 U.S.C. § 2254, should be summarily dismissed for his admitted failure to exhaust state court remedies. The R&R further recommends, however, that Krotzer be issued a certificate of appealability on the issue of whether he was excused from challenging his probation revocation in state court given that his sentence would likely expire before the state appellate courts could decide his case.

Respondent argues that a certificate of appealability is not warranted because there is no reasonable debate that the circumstances presented here are insufficient to excuse Krotzer's obligation to exhaust his state court remedies. Indeed, the law is clear that absent discrimination against a claimant or "unnecessarily and intentionally dilatory" conduct by the state, exhaustion of state court remedies is not excused in favor of federal intervention. Jones v. Solem, 739 F.2d 329, 331 (8th Cir. 1984). Further, respondent explained - in greater detail than provided to the magistrate judge - the expedited appeal process available to Krotzer in the state court system. In light of that process and given Krotzer's failure to even attempt to exhaust his state court remedies or to allege discrimination or undue delay, the court concludes that a certificate of appealability is not warranted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Respondent's objection [ECF No. 12] to the magistrate judge's report and recommendation is sustained;

2. The magistrate judge's report and recommendation [ECF No. 11] is adopted in part and overruled in part;

3. Respondent's motion to dismiss [ECF No. 5] is granted;

4. This matter is dismissed without prejudice for failure to exhaust state remedies; and

5. Pursuant to 28 U.S.C. § 2253, a certificate of appealability is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 2, 2015

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court